UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ACCIDENT INSURANCE COMPANY,
foreign corporation,

      Plaintiff,

vs.                                                   Case No:  3:12-cv-995-J-25MCR

BLUE SKY CONTRACTING, INC.,
RIVERSIDE BUILDERS OF
PUTNAM COUNTY, INC. and
THOMAS KNOWLES,

      Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for default (Doc. 23) filed May 1, 2013.  Plaintiff seeks entry of a clerk's default on Defendant, Blue Sky Contracting, Inc.

In order to obtain entry of a clerk's default, a plaintiff must first effect service of the summons and the complaint properly on the defendant within 120 days of filing the action as required by Rule 4(m).  See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) (finding "service of process must be effective under the Federal Rules of Civil Procedure before a default judgment may be entered against a defendant.") (citations omitted).  Rule 4(h) of the Federal Rules of Civil Procedure requires service of process be made upon a corporation by: (1) "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the

agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant;" or (2) following the state law for serving a summons in the state where the district court is located or where service is made, as prescribed in Rule 4(e)(1).  Rule 4(h)(1), Fed.R.Civ.P.  In this case, the controlling Florida statute as to service of process on a corporation are Florida Statutes § 48.081.  Section 48.081 provides for service of process upon a corporation according to a hierarchy of officers or agents that service must be made upon and provides:

> (1) Process against any private corporation, domestic or foreign, may be served:
>
> (a) On the president or vice president, or other head of the corporation;
>
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
>
> (2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.
>
> (3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.  A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.

> (b) If the address provided for the registered agent, officer, director, or principal place of business is a residence or private mailbox, service on the corporation may be made by serving the registered agent, officer, or director in accordance with s. 48.031.

In the instant case, it does not appear Plaintiff served any of the individuals listed above. Instead, according to the return of service, it appears Plaintiff obtained substitute service on a spouse. As Defendant is a corporation, it cannot have a spouse and therefore, it is assumed that Plaintiff served the wife of Defendant's registered agent. This does not suffice. See Dade Erection Service, Inc. v. Sims Crane Service, Inc., 379 So.2d 423, 426 (Fla. 2nd D.C.A. 1980) (holding that service on spouse of an officer, director, or named resident agent of defendant is not appropriate). Accordingly, the undersigned will deny Plaintiff's motion for entry of clerk's default at this time.

The Court recognizes that it is possible Defendant provided the registered agent's home address and if so, service may be proper pursuant to Florida Statute § 48.081(3)(b), however, the Court does not presently have sufficient information to determine whether that is the case. Plaintiff is free to file another motion, providing the Court with more information and legal authority to support its contention that service is proper, or Plaintiff may attempt to obtain proper service on Defendant, Blue Sky Contracting Inc.

Accordingly, after due consideration, it is

**ORDERED:**

The Plaintiff's Motion for default (Doc. 23) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this ___6th___ day of May, 2013.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties